UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

CIV. 09-4172

| | | |
|---|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE CO., a New Hampshire corporation, | : : | |
| Plaintiff, | : | COMPLAINT |
| vs. | : | |
| DOUGLAS E. OSBORN AND CINDY OSBORN, individually and d/b/a NORTHERN PLAINS CONSTRUCTION; SCHMUCKER, PAUL, NOHR & ASSOCIATES, INC., a South Dakota corporation; ADVANCED DRAINAGE SYSTEMS, INC., a Delaware corporation; HD SUPPLY WATERWORKS GROUP, INC., a Delaware corporation; and SIOUX PIPE PARTNERS, LLC, a South Dakota limited liability company, | : : : : : : | |
| Defendants. | : | |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

Plaintiff, for its Complaint against Defendants, states and alleges as follows:

JURISDICTION

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332

based upon diversity of citizenship and an amount in controversy in excess of

$75,000.00.

Civ. 09-
Complaint
Page 2

## VENUE

2.      A substantial part of the events or omissions giving rise to the claims herein

occurred in Bon Homme County, South Dakota.  Venue therefore lies in the United

States District Court for the District of South Dakota pursuant to 28 U.S.C. § 1391(a)(2).

## PARTIES

3.      Plaintiff North American Specialty Insurance Co. ("NAS"), is a New

Hampshire corporation with its principal place of business located at 1200 Arlington

Heights Road, Suite 400, Itasca, IL 60143, and is engaged in the business of providing,

among other instruments, contractor surety bonds.

4.      Defendant Douglas E. Osborn is a resident of Tripp County, South Dakota,

and, upon information and belief, resides at 390 Hillside Drive, Winner, SD 57580.

5.      Defendant Cindy Osborn is a resident of Tripp County, South Dakota, and,

upon information and belief, resides at 390 Hillside Drive, Winner, SD 57580.

6.      Upon information and belief, Defendants Douglas E. Osborn and Cindy

Osborn are the proprietors of Northern Plains Construction ("Northern Plains"), an

unincorporated business with offices located at 1102 West Iowa Street, Winner, SD

57580.

7.      Defendant Schmucker, Paul, Nohr & Associates, Inc. ("SPN") is a South

Dakota corporation with its principal place of business located at 2100 North Sanborn

Boulevard, Mitchell, SD 57301.

Civ. 09-
Complaint
Page 3

8.     Defendant Advanced Drainage Systems, Inc. ("Advanced Drainage") is a
Delaware corporation with its principal place of business located at 4640 Trueman
Boulevard, Hilliard, OH 43026.

9.     Defendant HD Supply Waterworks Group, Inc. ("HD Supply") is a
Delaware corporation with its principal place of business located at 3100 Cumberland
Boulevard, Atlanta, GA 30339.

10.    Defendant Sioux Pipe Partners, L.L.C. ("Sioux Pipe") is a South Dakota
limited liability company with its principal place of business located at 400 North Locust
Avenue, Sioux Falls, SD 57103.

## STATEMENT OF FACTS

11.    On or about April 28, 2005, Douglas E. Osborn and Cindy Osborn,
individually and d/b/a Northern Plains Construction, executed a General Agreement of
Indemnity whereby they, and each of them, agreed to indemnify and hold NAS harmless
from and against every claim, demand, liability, loss, cost, charge, counsel fee, expense,
suit, order, judgment and adjudication of whatsoever kind that NAS incurred, or may
incur, by reason of becoming surety for Northern Plains.

12.    In consideration for the General Agreement of Indemnity, NAS issued
Payment and Performance Bond No. 2074138 (the "Bond"), naming Northern Plains as
bond principal and the City of Tyndall, South Dakota (the "City"), as project owner, in

Civ. 09-
Complaint
Page 4

the penal sum of $1,728,264.90 (the "Bond") for the Tyndall South Main Street

Improvements and Tyndall Ivy Street Storm Sewer Improvements Project (the "Project").

      13.    On or about April 3, 2007, Northern Plains and the City entered into an

agreement (the "Contract") whereby Northern Plains would complete the Project.

      14.    The City and SPN entered into an agreement whereby SPN would serve as

the City's engineer for the Project and use its professional expertise to prepare the plans

and specifications for the Project; maintain adequate supervision, inspection, and

oversight of the Project work; and perform on-site testing.

      15.    Advanced Drainage manufactured the high-density polyethylene (HDPE)

storm sewer pipe selected by SPN and installed by Northern Plains as part of the Project

work.  Advanced Drainage warranted that the pipe was suitable for use: generally in

projects similar to the Project, and specifically for the Project itself.  Advanced Drainage

sent one or more of its employees or agents as a representative to monitor installation of

the pipe on the Project site.

      16.    Upon information and belief, HD Supply and Sioux Pipe are affiliated

business entities.   HD Supply and Sioux Pipe, jointly and/or individually, sold the HDPE

storm sewer pipe for use on the Project and represented that the pipe was suitable for use:

generally in projects similar to the Project, and specifically for the Project itself.

      17.    Northern Plains substantially completed the Project on or about October

12, 2007.

Civ. 09-
Complaint
Page 5

18.     The City discovered performance deficiencies, including excessive

deflection in the HDPE storm sewer pipe, within the warranty period for the Project, and

on or about September 8, 2008, filed a claim against the NAS Bond.

19.     On or about September 16, 2009, NAS and the City executed a Tender

Agreement whereby NAS tendered the City $814,146 in full and final discharge of any

and all performance bond obligations due and owing to the City by NAS associated with,

or relating to, the Project.

20.     In consideration for the Tender Agreement, the City assigned to NAS all

claims, rights of claim, and demands of whatsoever nature which the City has asserted, or

could have asserted, known or unknown, against third parties, including but not limited

to, Northern Plains, SPN, and Advanced Drainage, relating to all defects, losses, and

damages that were compensated by NAS's payment to the City.

21.     The duty of NAS, as surety, to the City, as project owner and bond creditor,

was fully satisfied by execution and performance of the Tender Agreement by NAS.

NAS is subrogated to the City's rights and interests under South Dakota Codified Laws,

section 56-2-17.

COUNT I

INDEMNITY

22.     NAS realleges paragraphs 1 through 21 of its Complaint.

Civ. 09-
Complaint
Page 6

23.     NAS is entitled, by contract, by right of subrogation, and by operation of law, to indemnity from Douglas E. Osborn and Cindy Osborn, individually and d/b/a Northern Plains, for NAS's losses of $814,146.00, expenses, and costs, including attorneys' fees, which NAS has incurred to date regarding the Project.

## COUNT II

## NEGLIGENCE

24.     NAS realleges paragraphs 1 through 23 of its Complaint.

25.     Douglas E. Osborn and Cindy Osborn, individually and d/b/a Northern Plains, were negligent in performance of the Project work.

26.     The City has suffered damages as a direct and proximate result of the negligence.

27.     NAS is entitled, by operation of law and rights of subrogation and assignment, to recover the City's damages for the negligence.

## COUNT III

## BREACH OF CONTRACT (SPN)

28.     NAS realleges paragraphs 1 through 27 of its Complaint.

29.     SPN breached its contract with the City by: failing to prepare suitable plans and specifications for the Project; failing to maintain adequate supervision, inspection, and oversight of the Project work; and failing to properly perform on-site testing.

30.     The City has performed all of its obligations under the contract with SPN.

31.     The City has suffered damages as a direct and proximate result of SPN's breach of contract.

32.     NAS is entitled, by operation of law and rights of subrogation and assignment, to recover the City's damages for SPN's breach of contract.

COUNT IV

NEGLIGENCE (SPN)

33.     NAS realleges paragraphs 1 through 32 of its Complaint.

34.     SPN, through its licensed engineers, was negligent in: failing to properly prepare the plans and specifications for the Project; failing to maintain adequate supervision, inspection, and oversight of the Project work; and failing to properly perform on-site testing.

35.     It was reasonably foreseeable that Northern Plains and the City would be harmed by SPN's negligence.

36.     NAS has suffered damages as a direct and proximate result of SPN's negligence.

37.     NAS is entitled, by operation of law and rights of subrogation and assignment, to recover damages for SPN's negligence.

COUNT V

NEGLIGENT MISREPRESENTATION (SPN)

38.     NAS realleges paragraphs 1 through 37 of its Complaint.

Civ. 09-
Complaint
Page 8

39.     SPN, through its licensed engineers, negligently misrepresented that: the HDPE storm sewer pipe selected for use in the Project was suitable; the plans and specifications it provided for the Project were suitable; it would maintain and provide adequate direction, supervision, inspection, oversight, and on-site testing.

40.     The City justifiably relied upon SPN's negligent misrepresentations.

41.     It was reasonably foreseeable that Northern Plains and the City would be harmed by SPN's negligent misrepresentations.

42.     NAS has suffered damages as a direct and proximate result of SPN's negligent misrepresentations.

43.     NAS is entitled, by operation of law and rights of subrogation and assignment, to recover damages for SPN's negligent misrepresentations.

## COUNT VI

### BREACH OF EXPRESS WARRANTY (ADVANCED DRAINAGE)

44.     NAS realleges paragraphs 1 through 43 of its Complaint.

45.     As manufacturer and seller of the HDPE storm sewer pipe used in the Project, Advanced Drainage expressly warranted the quality and suitability of the pipe for the Project.

46.     Advanced Drainage breached its express warranty in that the pipe did not conform to the warranted quality and suitability.

Civ. 09-
Complaint
Page 9

47.     The City has suffered damages as a direct and proximate result of the

breach of express warranty by Advanced Drainage.

48.     NAS is entitled, by operation of law and rights of subrogation and

assignment, to recover the City's damages for Advanced Drainage's breach of express

warranty.

## COUNT VII

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (ADVANCED DRAINAGE)

49.     NAS realleges paragraphs 1 through 48 of its Complaint.

50.     As manufacturer and seller of the HDPE storm sewer pipe used in the

Project, Advanced Drainage impliedly warranted the merchantability of the pipe for the

Project.

51.     Advanced Drainage breached its implied warranty in that the pipe was not

merchantable.

52.     The City has suffered damages as a direct and proximate result of the

breach of the implied warranty of merchantability by Advanced Drainage.

53.     NAS is entitled, by operation of law and rights of subrogation and

assignment, to recover the City's damages for Advanced Drainage's breach of implied

warranty.

Civ. 09-
Complaint
Page 10

## COUNT VIII

### BREACH OF IMPLIED WARRANTY OF FITNESS (ADVANCED DRAINAGE)

54.     NAS realleges paragraphs 1 through 53 of its Complaint.

55.     As manufacturer and seller of the HDPE storm sewer pipe used in the

Project, and with knowledge of the particular purposes for which the pipe was required,

Advanced Drainage impliedly warranted the fitness of the pipe for the particular

purposes of the Project.

56.     Advanced Drainage breached its implied warranty in that the pipe was not

fit for the particular purposes of the Project.

57.     The City has suffered damages as a direct and proximate result of the

breach of the implied warranty of fitness for particular purpose by Advanced Drainage.

58.     NAS is entitled, by operation of law and rights of subrogation and

assignment, to recover the City's damages for Advanced Drainage's breach of implied

warranty.

## COUNT IX

### NEGLIGENT MISREPRESENTATION (ADVANCED DRAINAGE)

59.     NAS realleges paragraphs 1 through 58 of its Complaint.

60.     Advanced Drainage negligently misrepresented that the HDPE storm sewer

pipe was suitable for the Project.

Civ. 09-
Complaint
Page 11

61.     Advanced Drainage provided on site supervision and direction during the

pipe installation process.  Advanced Drainage negligently misrepresented the proper

installation of the pipe in the presence of Northern Plains and SPN.

62.     The City, directly and through its engineers and contractors, relied upon

Advanced Drainage's negligent misrepresentations.

63.     It was reasonably foreseeable that the City would be harmed by Advanced

Drainage's negligent misrepresentations.

64.     NAS has suffered damages as a direct and proximate result of Advanced

Drainage's negligent misrepresentations.

65.     NAS is entitled, by operation of law and rights of subrogation and

assignment, to recover damages for Advanced Drainage's negligent misrepresentations.

## COUNT X

### NEGLIGENCE (ADVANCED DRAINAGE)

66.     NAS realleges paragraphs 1 through 65 of its Complaint.

67.     Advanced Drainage was negligent in providing on-site supervision and

direction during the installation of the HDPE storm sewer pipe.

68.     It was reasonably foreseeable that Northern Plains and the City would be

harmed by Advanced Drainage's negligence.

69.     NAS has suffered damages as a direct and proximate result of Advanced

Drainage's negligence.

Civ. 09-
Complaint
Page 12

70. NAS is entitled, by operation of law and rights of subrogation and assignment, to recover damages for Advanced Drainage's negligence.

## COUNT XI

## BREACH OF EXPRESS WARRANTY (HD SUPPLY AND SIOUX PIPE)

71. NAS realleges paragraphs 1 through 70 of its Complaint.

72. As sellers of the HDPE storm sewer pipe used in the Project, HD Supply and Sioux Pipe expressly warranted the quality and suitability of the pipe for the Project.

73. HD Supply and Sioux Pipe breached the express warranty in that the pipe did not conform to the warranted quality and suitability.

74. The City has suffered damages as a direct and proximate result of the breach of express warranty by HD Supply and Sioux Pipe.

75. NAS is entitled, by operation of law and rights of subrogation and assignment, to recover the City's damages for the breach of express warranty.

## COUNT XII

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
(HD SUPPLY AND SIOUX PIPE)

76. NAS realleges paragraphs 1 through 75 of its Complaint.

77. As sellers of the HDPE storm sewer pipe used in the Project, HD Supply and Sioux Pipe impliedly warranted the merchantability of the pipe for the Project.

Civ. 09-
Complaint
Page 13

78. HD Supply and Sioux Pipe breached the implied warranty in that the pipe was not merchantable.

79. The City has suffered damages as a direct and proximate result of the breach of the implied warranty of merchantability by HD Supply and Sioux Pipe.

80. NAS is entitled, by operation of law and rights of subrogation and assignment, to recover the City's damages for the breach of implied warranty.

## COUNT XIII

### BREACH OF IMPLIED WARRANTY OF FITNESS
### (HD SUPPLY AND SIOUX PIPE)

81. NAS realleges paragraphs 1 through 80 of its Complaint.

82. As sellers of the HDPE storm sewer pipe used in the Project, and with knowledge of the particular purposes for which the pipe was required, HD Supply and Sioux Pipe impliedly warranted the fitness of the pipe for the particular purposes of the Project.

83. HD Supply and Sioux Pipe breached the implied warranty in that the pipe was not fit for the particular purposes of the Project.

84. The City has suffered damages as a direct and proximate result of the breach of the implied warranty of fitness for particular purpose by HD Supply and Sioux Pipe.

Civ. 09-
Complaint
Page 14

85.     NAS is entitled, by operation of law and rights of subrogation and

assignment, to recover the City's damages for the breach of implied warranty.

### COUNT XIV

### DECLARATORY JUDGMENT

86.     NAS realleges paragraphs 1 through 85 of its Complaint.

87.     NAS, by operation of law and rights of subrogation and assignment,

maintains claims against Douglas E. Osborn and Cindy Osborn, individually and d/b/a

Northern Plains Construction, SPN, Advanced Drainage, HD Supply, and Sioux Pipe for

indemnification of NAS's losses of $814,146.00, expenses, and costs, including

attorneys' fees, which NAS has incurred to date regarding the Project.

88.     Upon information and belief, Douglas E. Osborn and Cindy Osborn,

individually and d/b/a Northern Plains Construction, SPN, Advanced Drainage, HD

Supply, and Sioux Pipe contest what obligations, if any, they owe to NAS for the losses

it has incurred to date regarding the Project.

89.     A justiciable controversy exists under 28 U.S.C. § 2201 and § 2202

regarding what obligations, if any, Douglas E. Osborn and Cindy Osborn, individually

and d/b/a Northern Plains Construction, SPN, Advanced Drainage, HD Supply, and

Sioux Pipe owe to NAS.

90.     NAS is entitled to declaratory judgment pursuant to 28 U.S.C. § 2201 and

§ 2202, and to such other supplemental relief as the Court may order.

Civ. 09-
Complaint
Page 15

WHEREFORE, Plaintiff North American Specialty Insurance Co. requests
judgment of the Court as follows:

1.      For entry of judgment in favor of North American Specialty Insurance Co.
against Douglas E. Osborn and Cindy Osborn, individually and d/b/a Northern Plains
Construction; Schmucker, Paul, Nohr & Associates, Inc.; Advanced Drainage Systems,
Inc.; HD Supply Waterworks Group, Inc.; and Sioux Pipe Partners, L.L.C.; and each of
them individually, in the amount of $814,146.00 and such other sums as the Court may
determine justly due and owing.

2.      For a determination of the obligations, if any, of Douglas E. Osborn and
Cindy Osborn, individually and d/b/a Northern Plains Construction; Schmucker, Paul,
Nohr & Associates, Inc.; Advanced Drainage Systems, Inc.; HD Supply Waterworks
Group, Inc.; and Sioux Pipe Partners, L.L.C. to North American Specialty Insurance Co.
in accordance with 28 U.S.C. § 2201.

3.      Subject to and consistent with the Court's determination of paragraph 2
above, for entry of judgment in favor of North American Specialty Insurance Co. against
Douglas E. Osborn and Cindy Osborn, individually and d/b/a Northern Plains
Construction; Schmucker, Paul, Nohr & Associates, Inc.; Advanced Drainage Systems,
Inc.; HD Supply Waterworks Group, Inc.; and Sioux Pipe Partners, L.L.C., by operation
of law and rights of subrogation in the amounts and sums as the Court may determine
justly due and owing in accordance with 28 U.S.C. § 2202.

4.    For such other further relief as the Court deems just and proper.

Dated this 19 day of November, 2009.

FULLER & SABERS, LLP

William Fuller
7521 S. Louise Avenue
Sioux Falls, SD 57108
Phone 605-333-0003
Fax    605-333-0007
Email bfuller@fullerandsabers.com
Attorneys for Plaintiff