UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE CO., a New Hampshire corporation, | ) ) ) ) | CIV. 09-4172-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| DOUGLAS E. OSBORN and CINDY OSBORN, individually and d/b/a Northern Plains Construction; SCHMUCKER, PAUL, NOHR & ASSOCIATES, INC., a South Dakota corporation; ADVANCED DRAINAGE SYSTEMS, INC., a Delaware corporation; HD SUPPLY WATERWORKS GROUP, LTD., a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT |
| Defendants. | ) | |

Plaintiff, North American Specialty Insurance Company (NAS), filed suit to recover damages that occurred when it acted as a surety for a construction project that failed to pass inspection. After filing its initial complaint, NAS now moves to file an amended complaint against defendant HD Supply Waterworks Group. HD Supply resists the motion. The motion is granted.

## BACKGROUND FACTS

The facts pertinent to this motion are as follows. The city of Tyndall, South Dakota, sponsored a construction project known as the Tyndall South Main Street Improvements and Tyndall Ivy Street Storm Sewer Improvements Project. Tyndall chose defendants Douglas Osborn and Cindy Osborn, individually and d/b/a Northern Plains Construction to complete the project. In April of 2005, Northern Plains executed a general agreement of indemnity with NAS and agreed to indemnify NAS for any expense NAS incurred by becoming surety for Northern Plains. In response, NAS issued a bond naming Northern Plains as the bond principal and Tyndall as the project owner for the penal sum of $1,728,264.90.

The agreement between Northern Plains and Tyndall provided that defendant Schmucker, Paul, Nohr & Associates (SPN) would serve as Tyndall's engineer. Defendant Advanced Drainage manufactured the high-density polyethylene (HDPE) storm sewer pipe that SPN selected and Northern Plains installed. HD Supply, in connection with Sioux Pipe Partners, a party earlier dismissed in this action, sold the HDPE pipe used in the project.

Northern Plains substantially finished the project in October of 2007, but Tyndall discovered excessive deflection in the HDPE pipe. Tyndall filed a claim on September 8, 2009, which was within the project's warranty

2

period, against the NAS bond. On September 16, 2009, NAS and Tyndall executed a tender agreement and NAS agreed to pay Tyndall $814,146 in full and final discharge of all performance bond obligations. In return, Tyndall assigned to NAS all claims that Tyndall asserted or could have asserted against any party connected with the project. NAS then filed this suit.

On July 1, 2010, NAS took the deposition of Timothy Monson, an HD Supply employee. During the deposition, Monson stated that he made representations regarding the HDPE pipe used in the project. NAS now seeks to amend the complaint to allege claims of indemnity, negligence, breaches of express warranty, implied warranty of merchantability, and implied warranty of fitness, and negligent misrepresentation against HD Supply.

## DISCUSSION

Federal law applies on a motion to amend in a diversity case because it is a procedural issue. *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1258-59 (8th Cir. 1996). Federal Rule of Civil Procedure 15(a) governs when parties may amend their pleadings. Parties may amend, as a matter of course, within twenty-one days of serving a pleading, but that is not at issue here because more than twenty-days have elapsed since NAS filed its initial

3

complaint. *See* Fed. R. Civ. P. 15(a)(1). Alternatively, "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2).

The purpose of pleading under the federal rules "is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 181-82 (1962) (rejecting the approach that, under the federal rules, "pleading is a game of skill in which one misstep by counsel may be decisive to the outcome") (internal quotations omitted). Rule 15 furthers this purpose by declaring that "[t]he Court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his mandate is to be heeded." *Foman*, 371 U.S. at 182.

"Given the courts' liberal viewpoint towards leave to amend, it should normally be granted absent a good reason for denial." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (citing *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989)). The district court retains discretion to grant or deny leave to amend a complaint. *Foman*, 371 U.S. at 182. The court should grant leave "[u]nless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' " *Becker v. Univ. of Neb.*, 191 F.3d 904, 907-08 (8th Cir. 1999) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)). "Likelihood of success on the new claim or defenses is

4

not a consideration for denying leave to amend unless the claim is clearly frivolous." *Id.* at 908 (citing *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1256 (8th Cir. 1994)). " 'The burden of proof of prejudice is on the party opposing the amendment.' " *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987)).

HD Supply argues that NAS's claims are too vague and unsupported by any facts in the record, and, therefore, it would be futile for the court to allow NAS to amend the complaint because NAS could not withstand a motion to dismiss. For support, HD Supply relies on *Meyers v. Am. States Ins. Co.*, 926 F. Supp. 904, 909 (D.S.D. 1996).

The *Meyers* court reasoned that " '[a]mendment of the complaint is futile if . . . the amended complaint cannot withstand a motion to dismiss.' " (quoting *Harter v. GAF Corp.*, 150 F.R.D. 502, 510 (D.N.J. 1993)). In *Meyers*, the defendant moved for summary judgment and the plaintiff responded with a brief in opposition and a motion to amend his complaint. *Id.* at 906-07. The court reasoned that the plaintiff could amend his complaint because he could survive summary judgment on the new claim. *Id.* at 910.

The procedural posture in this case is not like that in *Meyers* because there is no pending dispositive motion. "A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the

complaint 'strikes a savvy judge that actual proof of the facts alleged is improbable' and recovery 'very remote and unlikely.' " *Hamilton v. Palm*, \_ F.3d \_\_\_, No. 09-3676, 2010 WL 3619580, at \*2 (8th Cir. 2010) (quoting *Braden v. Wal-Mart Stores*, 588 F.3d 585, 594 (8th Cir. 2009)).

NAS has alleged sufficient facts to permit a reasonable inference that HD Supply is liable on the claims now asserted against it. NAS argues that a representative associated with HD Supply made representations regarding the HDPE pipe, that HD Supply should have known how the HDPE pipe would be used in the project, and that HD Supply had notice of the litigation and will suffer no unfair delay or prejudice if the court grants NAS's motion. At this juncture, before a dispositive motion has been filed and before the parties have completed discovery, NAS has met its factual threshold to assert claims against HD Supply. Because the amended complaint is not clearly frivolous, it is

ORDERED that plaintiff's motion for leave to file an amended complaint (Docket 62) is granted. Plaintiff shall file its amended complaint by **November 5, 2010.**

Dated October 28, 2010.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> CHIEF JUDGE